1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JP MORGAN CHASE BANK, N.A.;          Case No. 2:19-cv-00809-TLN-AC
     HSBC HOLDINGS, PLC; HSBC BANK
12   USA; HSBC MORTGAGE SERVICES;
     FRIEDMAN BILLINGS RAMSEY
13   GROUP; PINPOINT LLC,                 **SUA SPONTE REMAND ORDER**

14                    Plaintiffs,

15           v.

16   DANIEL GONZALEZ,

17                    Defendant.

18

19

20          This matter is before the Court pursuant to Defendant Daniel Gonzalez's ("Defendant")

21   Notice of Removal and Motion to Proceed in Forma Pauperis.  (ECF Nos. 1 & 2.)  For the

     reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis is DENIED as moot,
22
     and the Court hereby REMANDS the action to the Superior Court of California, County of
23
     Sacramento, due to lack of subject-matter jurisdiction.
24
         I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**
25
            On November 6, 2018, Plaintiff JP Morgan Chase Bank, N.A. ("Plaintiff Chase") brought
26
     an action against Defendant for possession of the real property known as 7125 Calvin Drive,
27
     Citrus Heights, California ("the Property").  (ECF No. 1 at 11.)  The Complaint alleges that
28

1   Plaintiff HSBC Bank USA as trustee for Plaintiff Friedman Billings Ramsey Group purchased the

2   Property at a trustee's sale held on January 5, 2009. (ECF No. 1 at 12.) Plaintiff Pinpoint LLC

3   acquired the property by grant deed on December 4, 2017. Plaintiff Chase acquired the property

4   by grant deed on April 16, 2018. (ECF No. 1 at 12.) Plaintiff Chase properly served Defendant a

5   notice to vacate the premises on July 18, 2018. (ECF No. 1 at 12.) Plaintiff Chase brought the

6   instant action in state court after Defendant failed to vacate the premises. (ECF No. 1 at 12.)

7   On May 7, 2019, Defendant filed a Notice of Removal removing this unlawful detainer

8   action from the Sacramento County Superior Court. (ECF No. 1.)

9   **II.      STANDARD OF LAW**

10  28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the

11  district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is

12  proper only if the court could have exercised jurisdiction over the action had it originally been

13  filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

14  Courts "strictly construe the removal statute against removal jurisdiction," and "the

15  defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980

16  F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time

17  determines that it lacks subject matter jurisdiction over the removed action, it must remedy the

18  improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer*

19  *v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544

20  U.S. 974 (2005).

21  The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded

22  complaint rule,' which provides that federal jurisdiction exists only when a federal question is

23  presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386.

24  Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a

25  federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556

26  U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

27  ///

28  ///

### III.    ANALYSIS

Defendant states in the Notice of Removal that jurisdiction is proper under 28 U.S.C. §§ 1331, 1332, 1441(b) and 1446.  (ECF No. 1 at 1.)  Defendant does not explain the basis for diversity jurisdiction and simply argues that the amount in controversy is met.  Furthermore, Defendant invokes federal question, 28 U.S.C. § 1331, as the means upon which original jurisdiction exists, based on the Fair Debt Collection Practices Act, 15 U.S.C § 1692.  (ECF No. 1 at 3.)  After reviewing the Notice of Removal, the Court concludes that Defendant does not present a viable argument to support federal jurisdiction on either basis.

First, Defendant cannot satisfy the requirements for diversity jurisdiction under section 1332.  Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States."  The burden of proving the amount in controversy depends on what the plaintiff has pleaded on the face of the complaint.  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998, 1000 (9th Cir. 2007).  When the complaint alleges damages less than the jurisdictional requirement, the party seeking removal must prove the amount in controversy with legal certainty.  *Id.*; *Rynearson v. Motricity, Inc.*, 601 F. Supp. 2d 1238, 1240 (W.D. Wash. 2009).  Defendant argues the amount in controversy exceeds $75,000.  (ECF No. 1 at 4.)

Plaintiff Chase alleges damages calculated at $63.76 per day for each day Defendant remained in possession of the Property after the deadline in the notice to vacate passed.  (ECF No. 1 at 13.)  Plaintiff Chase served Defendant on July 18, 2018, with a notice to vacate the property within 90 days.  (ECF No. 1 at 12.)  There is no plausible way that the damages estimated by Plaintiff Chase would equal $75,000 at this time.  Defendant argues that the assessed value of the Property determines the amount-in-controversy, and thus the amount in satisfied.  (ECF No. 1 at 5.)  First, assuming this is a valid argument, Defendant has not provided the Court with an assessment of the property value.  Moreover, even if Defendant had provided the Court with such documentation, Defendant has not proven that the parties are citizens of different states.  Moreover, Defendant has not proven with legal certainty the damages as of the time of removal

3

would exceed $75,000.  For these reasons, Defendant fails to meet his burden of satisfying the requirements for diversity jurisdiction under section 1332.

As to federal question jurisdiction, Defendant states removal is proper under 15 U.S.C. § 1692.  (ECF No. 1 at 3.)  Plaintiff Chase brought a single cause of action for unlawful detainer.  (ECF No. 1 at 11–13.)  Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 386.  The instant Complaint relies solely on California state law.  The well-pleaded complaint rule makes the plaintiff the master of his claim, so he may avoid federal jurisdiction by basing his claim exclusively on state law, as is the case here.  *Caterpillar*, 482 U.S. at 392.  The code section above would at most result in counterclaims Defendant may potentially assert.  However, removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state court or federal court.  *See Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43.  While Defendant contends in the Notice of Removal that he may remove this action under the above listed code sections, this assertion relates only to a potential counterclaim, which is not considered in evaluating whether a federal question appears on the face of a plaintiff's complaint.  See *Vaden*, 556 U.S. at 60–62.

In summary, the state court Complaint indicates that the only cause of action is one for unlawful detainer alleging damages in an amount less than $10,000 arising solely under state law and not under federal law.  Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").[12]

///

///

---

[1]     Defendant appears to argue that the current action is related to an action filed by Defendant in this Court.  (ECF No. 1 at 3 (citing No. 2:15-cv-02448-TLN-KJN).)  The Court, upon review, finds that these matters are not related.

[2]     Defendant states that "all defendants consent to removal."  (ECF No. 1 at 5.)  Assuming Defendant was referring to Plaintiffs, it would not matter if Plaintiffs consented, as the Court lacks jurisdiction to hear this case.

### IV.    CONCLUSION

Thus, for the reasons stated above, Defendant's motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS this action to the Superior Court of California, County of Sacramento.

IT IS SO ORDERED.

Dated: May 10, 2019

Troy L. Nunley
United States District Judge